## CIRCUIT COURT OF FLOYD COUNTY

McDaniel et al.

v.

A. L. Guthrie, Executor

1910

By JUDGE WALLER R. STAPLES

This is an action for the conversion by A. L. Guthrie, executor of Frank McDaniel, of certain property coming within the designation of § 3650 of the Code, known as the poor debtors exemption, of which property Frank McDaniel, father of the infant plaintiffs, was possessed at his death, and of which the defendant took possession and made sale, claiming to act under the will of his testator. The executor defends by special pleas setting up his right to the possession of and to sell the property under the terms of the will, and to these pleas the plaintiffs interpose their demurrer, asserting that their rights to said property, under the provisions of § 3653 of the Code (their mother being dead) is absolute and can not be affected or defeated by any testamentary act of their father.

The question therefore is whether a man, leaving surviving him, a widow, infant children or a daughter who was never married, may by his will dispose of the property enumerated in § 3650.

Section 3653 reads as follows:

Upon the death of a householder, leaving a widow, minor children, or daughters who have never married, there shall be vested in them, or such of them as there may be, absolutely and

exempt from sale for funeral expenses, or debts
of the decedent, or charges of administration
on his estate, such of his property as would,
if he were alive and a householder, be exempt
under section thirty-six hundred and fifty
from levy or distress.

It is contended by plaintiffs that the words "absolutely and exempt" operate to abridge the testator's
power of disposition, while the defendant contends that
the said words should be read "absolutely exempt" and
that a power of disposition is given by § 2512 which
should not be by these words so abridged or affected.

Section 2512 reads, so far as pertinent, as follows:

Every person, not prohibited by the following
section, may, by will, dispose of any estate
to which he will be entitled at his death,
and which, if not so disposed of, would devolve
upon his heirs, personal representative or
next of kin.

Both of these statutes, in their present form, having
been reenacted in the Code of 1887, are necessarily to
be considered in pari materia, and if there is a discrepancy or disagreement, should be so construed as that they
may both stand together.

Is there then any discrepancy or disagreement between
them? Do they relate to the same subject matter? Has
Section 2512 any effect upon the testamentary control
over chattels personal?

There is some disagreement among the older writers
as to whether the doctrine of rationabiles partes was
ever a part of the general common law but Mr. Blackstone
says on page 492, vol. 2, of his Commentaries:

Thus is the old Common Law (rationabiles partes)
now utterly abolished (not by statute but by
imperceptible change) throughout the kingdom
of England, and a man may devise the whole
of his chattels as freely as he formerly could
his third party or moiety.

Hence the right to dispose of chattels personal by will can not be given by any statute of Virginia, for it comes untrammeled from the Common Law. Section 2512, originally § 1, Chap. 104, Code of 1819, page 375, authorized the testamentary disposition of "lands, tenements and hereditaments, or annuities or rents charged upon or issuing out of them (lands)" and we find the provision "which would if not so disposed of devolve upon his heirs, personal representatives or next of kin" first appearing in the Code of 1849, chapter 122, § 2, at page 516, and whether these words apply to chattels real or to all personal property it is certain that the statute can not be relied upon as the source of power to dispose of "goods and chattels" for that can not be given which was never wanting, and there can therefore be no conflict between §§ 3653 and 2512.

Coming then to the proper interpretation of § 3653 we trace its history of enactment to the Code of 1819, page 387, ch. 43, § 51, which is, if not the original parent, at least a very remote ancestor of both §§ 3653 and 2649, and which reads as follows:

> The dead victuals and liquors which at the death of any testator or intestate, shall have been laid in for consumption in his family, shall not be sold by the Executor or Administrator but shall remain for the use of such family without account therefor being made. If, however, before its final consumption, any child shall leave the family, such child shall have the right to carry with him or her an equal share of what shall then be on hand. Any live stock which may then be on hand, necessary for the food of the family, may also be killed for that use at any time before sale, division or distribution of the estate.

Then came the alterations by the legislature of 1836-7 to which I have not access, but which appears in the Code of 1849 at pages 252 and 573, the act quoted having been separated theretofore into two parts:

Section 34, ch. 49, page 252, is the first appearance of the "poor debtors exemption" and reads as follows:

"In the case of a husband or parent there shall be exempt from such distress or levy the following articles" enumerating practically the same articles as § 3650.

By the same act (1836-7) the provisions of § 51, ch. 43, Code 1819, above quoted was amended to read as follows:

> And where the decedent has left a widow or infant children there shall be vested in them or such of them as there may be, exempt from said funeral expenses or debts of the decedent or charges of administration of his estate, such of his property as would, if he were alive and a husband or parent, be exempt from being taken under execution for his debts. See Code 1849, ch. 130, § 14, page 573.

And by § 16 of the same chapter we find that the sale by the personal representative of the goods exempt under § 14 (just quoted) is prohibited.

These two provisions remained unaltered until the acts of 1872-3 page 99 which added to § 14 above cited the following words "and the same shall not be taken into account by the administrator or executor of said estate" and as such was embodied in the Code of 1873, which remained unaltered until the revision of the Code in 1887.

Therefore we find from this history of legislation that in 1819 there was for a householder, no exemption of his goods from levy or distress, but there was a statute setting apart certain food articles for the benefit of the widow and children "without account therefor being made." In 1849 we have the first householder's exemption in a separate chapter from the "dead victuals" act but appended to the latter is a provision that the property exempt from levy or distress under the other act, shall be "vested in" the widow and infant children together with the "dead victuals" and evidently the articles in both classes were to be held free from the charges of administration, and in § 16 of the same act a positive prohibition against the sale by the personal representative of the articles coming within both classes, to wit, the "dead victuals" and "goods exempt from levy under execution." Thus the law remained until 1872-3 when there were added the words "and the same shall not be taken

into account by the administrator or executor of the estate." The Revisors of 1887 separated these provisions, which had vested the widow and children with both the dead victuals and the householder's exemption, and retained the dead victuals act as § 2649 of the Code but placed the householder's exemption in § 3653 making the last named section to read "absolutely" vested, etc., and omitting the provision that the same should not be taken into account by the administrator or executor. Then § 2651 provides that the goods not mentioned in § 2650 shall, subject to the provisions of chapter 178 (including 3653) be sold by the personal representatives, etc., and in the statute of distribution § 2557, we have the same exception as to chapter 178.

Up to 1887 the householder's exemption was expressly excluded from the accounting of the personal representative. After that date this exemption was made to vest "absolutely" in the widow and infant children or unmarried daughters and furthermore it did not pass under the statute of distributions and the executor as well as the administrator are by § 2651 directed to sell subject to this absolute vestiture.

I am therefore of the opinion that where a householder dies leaving a widow, or infant children or a daughter who has never married that such of these as may be, take an absolute title to the articles enumerated in § 3650 of the Code regardless of any attempted testamentary disposition thereof; that the demurrers to the pleas should be sustained and judgment entered for the plaintiff unless the defendant wishes to set up some other defense.